UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS CHEATOM, ) | No. C 10-0590 JSW (PR) |
| ) Petitioner, ) | **ORDER OF DISMISSAL** |
| ) vs. ) | **(Docket No. 4)** |
| ) RANDY GROUNDS, Warden, ) | |
| ) Respondent. ) | |

This is a habeas case brought pro se by a state prisoner. It is directed to a disciplinary proceeding in which, as a sanction for violating prison rules, Petitioner lost 30 days of good time credits and some privileges.

Respondent[1] has filed a motion to dismiss in which he contends that because Petitioner is serving a sentence of life with the possibility of parole, the loss of good time credits had no effect upon his sentence. Federal habeas petitions can be used only to attack the legality of a petitioner's confinement or the length of it. *See Moran v. Sondalle*, 218 F.3d 647, 650-52 (7th Cir. 2000); *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (civil rights action is proper method of challenging conditions of confinement); *Crawford v. Bell*, 599 F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition on basis that challenges to terms and conditions of confinement must be brought in civil rights complaint). Habeas jurisdiction is not proper "where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence." *Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003).[2] Petitioner has not provided any evidence that success here would necessarily have an

---

[1] Randy Grounds, the current warden, has been substituted for former warden C. Noll.

[2] In *Docken v. Chase*, 393 F.3d 1024 (9th Cir. 2004), the court stated that although traditionally challenges to prison conditions have been cognizable only via a § 1983 civil rights action, while challenges implicating the fact or duration of confinement must be brought through

impact on the length of his sentence, so the motion to dismiss will be granted. *See Ramirez*, 334 F.3d at 859 ("habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence.").

In an appropriate case a habeas petition may be construed as a section 1983 complaint. *Wilwording v. Swenson*, 404 U.S. 249, 251 (1971). Although the court *may* construe a habeas petition as a civil rights action, it is not *required* to do so. Subsequent to the *Wilwording* case there have been significant changes in the law. For instance, the filing fee for a habeas petition is five dollars; for civil rights cases, however, the fee is now $350 and under the Prisoner Litigation Reform Act the prisoner is required to pay it, even if granted in forma pauperis status, by way of deductions from income to the prisoner's trust account. *See* 28 U.S.C. 1915(b). A prisoner who might be willing to file a habeas petition for which he or she would not have to pay a filing fee might feel otherwise about a civil rights complaint for which the $350 fee would be deducted from income to his or her prisoner account. Also, a civil rights complaint which is dismissed as malicious, frivolous, or for failure to state a claim would count as a "strike" under 28 U.S.C. § 1915(g), which is not true for habeas cases. In view of these potential pitfalls for Petitioner if the court were to construe the petition as a civil rights complaint, the case will be dismissed without prejudice.

## CONCLUSION

Respondent's motion to dismiss (docket no. 4) is GRANTED. This action is DISMISSED. The Clerk shall close the file and enter judgment.

IT IS SO ORDERED.

DATED: August 11, 2011

JEFFREY S. WHITE
United States District Judge

---

a habeas petition, the two remedies are not always mutually exclusive. *Id.* at 1026, 1031; *see also id.* at 1027 n.2. The actual holding in *Docken* is narrow, however: "when prison inmates seek only equitable relief in *challenging aspects of their parole review* that, so long as they prevail, could potentially affect the duration of their confinement, such relief is available under the federal habeas statute." *Id.* at 1031 (emphasis added). Because the petition here is not directed to a parole decision, *Docken* is inapposite.

G:\JSWALL\Pro-Se Prisoner\2010\Cheatom0590.DSM.frm

2

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

LOUIS CHEATOM,

        Plaintiff,

  v.

C. NOLL et al,

        Defendant.

Case Number: CV10-00590 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 11, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Louis Cheatom H-17581
H-17581
CTFC ED-99L
PO Box 689
Soledad, CA 93960

Dated: August 11, 2011

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk